UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TARIQ SULLIVAN-JACKSON,

Plaintiff,

v. Case No. 26-cv-1409-bhl

MILWAUKEE COUNTY JAIL,
CO RAFAEL GOMEZ, III, and
CO MARQUES T. REEDER,

Defendants.

---

**SCREENING ORDER**

---

Plaintiff Tariq Sullivan-Jackson, who is currently incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Sullivan-Jackson's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

**MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE**

Sullivan-Jackson has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Sullivan-Jackson filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and was assessed an initial partial filing fee of $0.68.

On November 2, 2026, Sullivan-Jackson filed a motion explaining that he cannot afford to pay the initial partial filing fee. He explains that he has no money in his account and because he is in the disciplinary unit, he is not allowed to use the phone or put money in his account. Because Sullivan-Jackson lacks the assets and means to pay the $0.68 initial partial filing fee, the Court will waive his obligation to pay the fee. *See* 28 U.S.C. §1915(b)(4). Sullivan-Jackson will be required to pay the $350 statutory filing fee over time in the manner described at the end of this decision.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Sullivan-Jackson alleges that on September 24, 2024, he was on observation status at the Milwaukee County Jail after harming himself. He states that while he was handcuffed to a restraint bench, he was sprayed in the face with OC spray. According to Sullivan-Jackson, Defendants CO Rafael Gomez, III, and CO Marques Reeder tried to remove Sullivan-Jackson's shirt because it had OC spray on it. Sullivan-Jackson refused to take off his shirt, at which time CO Reeder allegedly threw Sullivan-Jackson to the ground. According to Sullivan-Jackson, CO Gomez held

him down while CO Reeder hit him in the face a couple of times, damaging his left eye and nose. Sullivan-Jackson states that the nurse ordered an x-ray of his left eye. Shortly thereafter, he was transferred to a different institution. According to Sullivan-Jackson, the administrative remedies were "unavailable" to him.

## THE COURT'S ANALYSIS

At the time of the incident, Sullivan-Jackson was a convicted prisoner on a hold in connection with allegations that he violated the terms of his extended supervision. Accordingly, his claims arise under the Eighth Amendment.[1] "[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). "But not every malevolent touch by a security officer implicates the Constitution." *Id.* When evaluating force used by a state official against an inmate, the "core judicial inquiry" is whether the force "was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7.

Development of the record may reveal that CO Gomez and CO Reeder applied and/or facilitated the application of force in a good faith effort to restore discipline, but drawing all reasonable inferences in Sullivan-Jackson's favor, the Court concludes that he has sufficiently alleged that the correctional officers "maliciously and sadistically" sought to harm him. He therefore states an Eighth Amendment excessive force claim against CO Gomez and CO Reeder.

Sullivan-Jackson does not, however, state a claim against the Milwaukee County Jail, which is a building, not a "person" that can be sued under §1983. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

**IT IS THEREFORE ORDERED** that Sullivan-Jackson's motion to waive his obligation to pay the initial partial filing fee (Dkt. No. 11) and his motion for leave to proceed *in forma pauperis* (Dkt. No. 2) are **GRANTED**.

**IT IS FURTHER ORDERED** that the Milwaukee County Jail is not a suable entity under 42 U.S.C. §1983. The clerk's office is therefore directed to terminate the Milwaukee County Jail from this case.

[1] The Fourteenth Amendment applies to claims brought by pretrial detainees, and the Eighth Amendment applies to claims brought by convicted prisoners. *See Collins v. Al-Shami*, 851 F.3d 727, 731 (7th Cir. 2017). A convicted prisoner is not entitled to the broader standard under the Fourteenth Amendment simply because he may have committed additional crimes.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this Court, copies of Sullivan-Jackson's complaint and this order are being electronically sent today to Milwaukee County for service on CO Rafael Gomez, III, and CO Marques T. Reeder.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, CO Rafael Gomez, III, and CO Marques T. Reeder shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Office of the Sheriff, Fiscal Operations Rm 224, 821 W State Street, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that the agency having custody of Sullivan-Jackson shall collect from his institution trust account the $350 filing fee by collecting monthly payments from Sullivan-Jackson's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Sullivan-Jackson is transferred to another institution, the transferring institution shall forward a copy of this Order along with Sullivan-Jackson's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Sullivan-Jackson is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin this 24th day of November, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
Chief United States District Judge